UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERVANDO GARCIA-ALFARO,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2916

Honorable Jane M. Beckering

# ORDER

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on October 22, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering:

> Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.

(Op., ECF No. 7; *see also* J., ECF No. 8) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.) On October 30, 2026, Respondents filed a status report, indicating that a bond hearing had been held on October 28, 2026, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Immigration Judge Order, ECF No. 9-1.) In a written order, the Immigration Judge denied Petitioner's request for

bond, stating, "[Petitioner] has a final removal order. [Petitioner's] appeal has been denied. [Petitioner] is pending removal from the United States. The government has shown by clear and convincing evidence that [Petitioner] is a flight risk. [Petitioner] has no relief pending before the court." (Immigration Judge Order, ECF No. 9-1, PageID.162.)

Thereafter, on November 9, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 10.) In the motion to enforce judgment, Petitioner argues the Immigration Judge recited, but did not in fact apply, the burden on the government. (Mot., ECF No. 10, PageID.168, 174.) In light of this, Petitioner requests, *inter alia*, that the Court find that Respondents have not complied with the Conditional Judgment and order Petitioner's immediate release or a new bond hearing. (*Id.*, PageID.174–175.)

In the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the October 28, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's October 22, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where the Immigration Judge found that "[t]he government has shown by clear and convincing evidence that [Petitioner] is a flight risk." (Immigration Judge Order, ECF No. 9-1, PageID.162.)

Petitioner's challenge to the determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by

the Court's October 22, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 12, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge